**Henry B. DEWEY**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 30, 2010.

Decided May 26, 2010.

Philip M. Bricknell, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Department of Transportation, Bureau of Driver Licensing (Department) ap-

peals from the order of the Court of Common Pleas of Allegheny County (trial court) sustaining the appeal of Henry B. Dewey (Licensee) from the decision of the Department recalling his operating privileges because he suffered a loss of consciousness due to diabetes pursuant to 67 Pa.Code § 83.5(a)(1).[1] For the reasons that follow, we affirm.[2]

Pursuant to 67 Pa.Code § 83.5(a)(1), the Department recalled Licensee's driving privileges when it received a report dated July 17, 2009, from an emergency room physician that Licensee had lost consciousness due to hypoglycemia caused by his unstable diabetes. The report also stated that this condition prevented Licensee from safely operating a motor vehicle. Licensee appealed to the trial court and presented a report from his treating physician, who had treated him for eight years, confirming that Licensee had suffered one episode of loss of consciousness in August 2009,[3] but that he could nevertheless safely operate a motor vehicle. The trial court, relying on our recent decision in *Peachey v. Department of Transportation, Bureau of Driver Licensing*, 979 A.2d 951 (Pa. Cmwlth.2009), and on our Supreme Court's decision in *Department of Transportation, Bureau of Driver Licensing v. Clayton*, 546 Pa. 342, 684 A.2d 1060 (1996), both which held that 67 Pa.Code § 83.4(a),[4] an analogous regulation to 67 Pa.Code § 83.5(a)(1) that deals with epileptic seizures, created an impermissible irrebuttable presumption in violation of due process, sustained his appeal. This appeal by the Department followed.[5]

The Department argues that the trial court erred by relying on *Peachey*, which it contends is wrongly decided and should be overturned or, at the very least, limited to 67 Pa.Code § 83.4(a). It contends that if this Court applies *Peachey* to 67 Pa. Code § 83.5(a)(1), all of its regulations would be eviscerated and a parade of horribles, such as blind people and children

---

1. 67 Pa.Code § 83.5(a)(1) provides:
   (a) General Disqualifications. A person who has any of the following conditions will not be qualified to drive:
   (1) Unstable or brittle diabetes or hypoglycemia, unless there has been a continuous period of at least 6 months freedom from a related syncopal attack.

2. Because more than six months have passed since Licensee's loss of consciousness, the restoration of Licensee's driving privileges would be unaffected by a decision of this court in the Department's favor. The case is, thus, moot with regard to Licensee, and he is not participating in this appeal. However, the Department nevertheless seeks our review of this matter in order to clarify the weight that the statutes and regulations governing medical recalls for diabetes-related loss-of-consciousness as well as review of appeals of medical recalls generally should be given. Otherwise, given the six-month timeframe to restore operating privileges if Licensee can demonstrate that he has had no further loss of consciousness events, appeals of recalls would escape review.

3. It is unclear whether this represents a different episode of loss of consciousness or merely an error in the date, given that the report states that Licensee had suffered only one such episode.

4. 67 Pa.Code § 83.4(a) provides:

   A person who has a seizure disorder will not be qualified to drive unless a licensed physician reports that the person has been free from seizure for at least 6 months immediately preceding, with or without medication. A person will not be disqualified if the person has experienced only auras during that period.

5. Where the trial court takes *de novo* evidence, our scope of review is limited to determining whether constitutional rights were violated or whether the court manifestly abused its discretion or committed an error of law. *Sklar v. Department of Transportation, Bureau of Driver Licensing*, 764 A.2d 632 (Pa.Cmwlth. 1999).

being allowed to drive upon the consent of their treating physicians, would ensue. The Department submits that this Court should instead engage in an equal protection analysis and hold that its regulations, including 67 Pa.Code § 83.5(a)(1), should be upheld because there is a rational basis for recalling the driving privileges of those who the Department determines are medically impaired from safely operating a motor vehicle.

Contrary to the Department's contentions, the trial court correctly held that *Clayton* and *Peachey* are squarely controlling in this matter. In *Clayton*, the licensee suffered a grand mal epileptic seizure. He had no prior history of seizure disorders. As a result, the Department recalled his driving privileges pursuant to 67 Pa.Code § 83.4(a). He appealed the recall to the trial court and presented evidence from his treating physician that he did suffer a grand mal seizure but that he could still safely drive. The trial court sustained Clayton's appeal, and this Court and our Supreme Court both affirmed. Our Supreme Court held that 67 Pa.Code § 83.4(a) created an impermissible irrebuttable presumption that a person who suffered from a seizure was incompetent to drive for a period of at least one year (now, six months) from the date of his last seizure. Any evidence that Clayton could present to attempt to rebut the presumption that he was unfit to drive was deemed irrelevant by the language of the regulation, which made the appeal process a sham and violated due process.

Despite this holding, the Department continued to interpret it in the same way as 67 Pa.Code § 83.4(a). In 2009, this Court in *Peachey* again held that 67 Pa. Code § 83.4(a) created an impermissible irrebuttable presumption and violated due process. The facts in *Peachey* were identical to those in *Clayton*. Peachey experienced a temporal lobe seizure, and the examining doctor submitted a form to the Department stating that he suffered from a seizure disorder that affected his ability to operate a motor vehicle. Peachey appealed to the trial court and submitted a report and deposition testimony by his treating neurologist that indicated that he could safely drive despite the seizure. The trial court sustained Peachey's appeal, and the Department appealed to this Court making the identical arguments that it makes in the instant matter. This Court affirmed, stating:

> The issues that Department raises in this appeal were thoroughly addressed and rejected by our supreme court in *Clayton*, [which held] that the regulation at issue created an impermissible irrebuttable presumption. In so holding, the court observed that a person who suffered a single seizure is presumed to be incompetent to drive for at least one year following that seizure, and, under the regulation, any medical evidence offered to rebut that presumption would be irrelevant, at least with respect to the one-year recall. After stressing that procedural due process must be met before one's operating privilege can be revoked or recalled, the court in *Clayton* identified the essence of due process as a requirement for a meaningful hearing. The court then pointedly noted that when a hearing excludes consideration of an element essential to the decision of whether a license shall be recalled, it does not meet that standard. The court recognized the interest of Department in protecting the physical well being of the public but determined that this was outweighed by a licensee's interest in his or her operating privilege, especially in the minimal burden to Department in litigating such competency issues....

Finally, Department contends that the six-month seizure-free requirement for

those diagnosed with seizure disorders does not create an irrebuttable presumption but, instead, creates a classification of high-risk drivers. Noting that driving is a privilege, not a right, Department argues that legislation regarding that privilege must be analyzed under the rational relationship test.... We note that our supreme court specifically dismissed this argument in *Clayton.*

*Peachey,* 979 A.2d 951, 955–57.

67 Pa.Code § 83.5(a)(1) is identical to 67 Pa.Code § 83.4(a), the regulation at issue in *Clayton* and *Peachey,* except that it deals with a loss of consciousness caused by diabetes rather than epilepsy. Those cases are controlling, and there is no irrefutable presumption that a licensee cannot drive when he or she loses consciousness from diabetes.

The trial court accepted the opinion of Licensee's treating physician who had treated him for eight years and stated that Licensee could safely operate a motor vehicle, and there was substantial evidence to overcome the emergency room physician report. Accordingly, the trial court, like the trial courts in *Clayton* and *Peachey,* did not err in sustaining Licensee's appeal and its order is affirmed.

### ORDER

AND NOW, this *26th* day of *May,* 2010, the order of the Court of Common Pleas of Allegheny County, dated November 5, 2009, is affirmed.