**John R. GOLOVACH**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 14, 2010.

Decided Aug. 19, 2010.

---

Philip M. Bricknell, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and KELLEY, Senior Judge.

OPINION BY Judge McCULLOUGH.

The Department of Transportation, Bureau of Driver Licensing (Department), appeals from the December 3, 2009, order of the Court of Common Pleas of Allegheny County (trial court), which sustained the appeal of John R. Golovach (Licensee) from the Department's decision recalling his driver's license pursuant to 67 Pa.Code § 83.5(a)(2)(i).[1] We affirm.[2]

The Department received a cardiologist's "Initial Reporting Form," DL 13, indicating that Licensee suffered from "intermittent complete heart block" and that the condition affected his ability to safely operate a motor vehicle. (Reproduced Record (R.R.) at 40a.) In response to the report, the Department notified Licensee that it was recalling his driver's license indefinitely and that the recall would remain in effect until the Department received medical information showing that Licensee's condition improved and that he could safely operate a motor vehicle. (R.R. at 38a–39a.) The Department enclosed a "Cardiovascular Form," DL–120, with the recall notice, which was completed by Licensee's treating physician, Mohan Bhat, M.D., and submitted to the Department on or about September 28, 2009. (R.R. at 37a.) On the line of the DL–120 form referencing syncopal attack, Dr. Bhat indicated that Licensee experienced a syncopal attack/dizziness on July 14, 2009.[3] However, Dr. Bhat also indicated on the DL–120 form that Licensee had a heart block for which a pacemaker had been implanted, and that Licensee was physically competent to operate a motor vehicle. By notice mailed October 8, 2009, the Department informed Licensee that he did not meet its medical standards and that the Department would not restore his operating privilege. (R.R. at 36a.)

Licensee filed an appeal with the trial court challenging the recall of his driver's license. At the appeal hearing,[4] the Department introduced into evidence its certified record containing the DL–13 Form, the DL–120 Form, and a October 21, 2009, medical report by Dr. Bhat, which states that Licensee "had a pacemaker implanted on 8/2009" and "he now has no medical contra-indications to resume driving." (R.R. at 46a.) Based upon the documents in the certified record, the Department argued that, because Licensee experienced

---

1. 67 Pa.Code § 83.5(a)(2)(i) provides in relevant part as follows:

   (a) *General disqualifications:* A person who has any of the following conditions will not be qualified to drive:

   . . . .

   (2) Cerebral vascular insufficiency or cardiovascular disease which, within the preceding 6 months, has resulted in one or more of the following:

   . . . .

   (i) Syncopal attack or loss of consciousness.

2. Because more than six months have passed since Licensee's medical episode, the restoration of Licensee's driving privileges would be unaffected by a decision of this court in the Department's favor. The case is, therefore, moot with regard to Licensee, and he did not file a brief or otherwise participate in this appeal. The Department nonetheless seeks review in this matter to clarify the weight that should be given to statutes and regulations governing recalls for syncopal attacks or vertigo due to cardiovascular disease. (Department's brief at 7.)

3. The term syncopal refers to the medical condition known as syncope, which is fainting, swooning, or loss of consciousness caused by a sudden fall of blood pressure or failure of the cardiac systole. *Steadman's Medical Dictionary* 1521 (25th ed. 1990).

4. The burden of proof in this matter was initially upon the Department to establish Licensee's incompetency to drive on the date it recalled his license. *Turk v. Department of Transportation, Bureau of Driver Licensing,* 983 A.2d 805 (Pa.Cmwlth.2009).

a syncopal attack with dizziness on July 14, 2009, Licensee was incompetent to drive pursuant 67 Pa.Code § 83.5(a)(2)(i). The Department asserted that, under 67 Pa.Code § 83.5(a)(2)(i), Licensee was required to wait six months before his operating privilege could be restored.

In response, Licensee argued that the Department was improperly relying upon an unconstitutional presumption contained in 67 Pa.Code § 83.5(a)(2)(i), which imposes an automatic irrebuttable six month license suspension.[5]

The trial court sustained Licensee's appeal, concluding that the Department was improperly relying upon an unconstitutional irrebuttable presumption that Licensee was incompetent to drive. The trial court based its decision on *Department of Transportation, Bureau of Driver Licensing v. Clayton*, 546 Pa. 342, 684 A.2d 1060 (1996) (holding that 67 Pa.Code § 83.4(a), pertaining to driver's license recalls due to seizure disorders, created an irrebuttable presumption of incompetency to drive and violated due process), and *Peachey v. Department of Transportation, Bureau of Driver Licensing*, 979 A.2d 951 (Pa. Cmwlth.2009) (following the holding in *Clayton*). Furthermore, the trial court also concluded that the totality of the evidence favored Licensee.

On appeal to this Court,[6] the Department contends that trial court erroneously relied upon *Clayton* and *Peachey* to resolve the case in favor of Licensee, and that the trial court thereby placed at jeopardy all of the Department's medical competency regulations. The Department also contends that this Court should employ an equal protection analysis and conclude that the Department's regulations rationally require the recall of the licenses of medically impaired drivers and further the Commonwealth's interest in traffic safety. We recently considered and rejected these arguments in *Dewey v. Department of Transportation, Bureau of Driver Licensing*, 997 A.2d 416 (Pa. Cmwlth.2010), explaining as follows:

The Department argues that the trial court erred by relying on *Peachey*, which it contends is wrongly decided and should be overturned or, at the very least, limited to 67 Pa.Code § 83.4(a). It contends that if this Court applies *Peachey* to [67 Pa.Code § 83.5(a)(1) ], all of its regulations would be eviscerated and a parade of horribles, such as blind people and children being allowed to drive upon the consent of their treating physicians, would ensue. The Department submits that this Court should instead engage in an equal protection analysis and hold that its regulations, including 67 Pa.Code § 83.5(a)(1), should be upheld because there is a rational basis for recalling the driving privileges of those who the Department determines are medically impaired from safely operating a motor vehicle.

Contrary to the Department's contentions, the trial court correctly held that *Clayton* and *Peachey* are squarely controlling in this matter. In *Clayton*, the licensee suffered a grand mal epileptic seizure. He had no prior history of seizure disorders. As a result, the Department recalled his driving privileges pursuant to 67 Pa.Code § 83.4(a). He

---

**5.** Licensee did not introduce any testimony or documentary evidence at the hearing.

**6.** Where, as here, the trial court takes *de novo* evidence, our scope of review is limited to determining whether constitutional rights were violated or whether the trial court manifestly abused its discretion or committed an error of law. *Peachey v. Department of Transportation, Bureau of Driver Licensing*, 979 A.2d 951 (Pa.Cmwlth.2009).

appealed the recall to the trial court and presented evidence from his treating physician that he did suffer a grand mal seizure but that he could still safely drive. The trial court sustained Clayton's appeal, and this Court and our Supreme Court both affirmed. Our Supreme Court held that 67 Pa.Code § 83.4(a) created an impermissible irrebuttable presumption that a person who suffered from a seizure was incompetent to drive for a period of at least one year (now, six months) from the date of his last seizure. Any evidence that Clayton could present to attempt to rebut the presumption that he was unfit to drive was deemed irrelevant by the language of the regulation, which made the appeal process a sham and violated due process.

Despite this holding, the Department continued to interpret it in the same way as 67 Pa.Code § 83.4(a). In 2009, this Court in *Peachey* again held that 67 Pa.Code § 83.4(a) created an impermissible irrebuttable presumption and violated due process. The facts in *Peachey* were identical to those in *Clayton*. Peachey experienced a temporal lobe seizure, and the examining doctor submitted a form to the Department stating that he suffered from a seizure disorder that affected his ability to operate a motor vehicle. Peachey appealed to the trial court and submitted a report and deposition testimony by his treating neurologist that indicated that he could safely drive despite the seizure. The trial court sustained Peachey's appeal, and the Department appealed to this Court making the identical arguments that it makes in the instant matter. This Court affirmed, stating:

> The issues that Department raises in this appeal were thoroughly addressed and rejected by our supreme court in *Clayton*, [which held] that the regulation at issue created an impermissible irrebuttable presumption. In so holding, the court observed that a person who suffered a single seizure is presumed to be incompetent to drive for at least one year following that seizure, and, under the regulation, any medical evidence offered to rebut that presumption would be irrelevant, at least with respect to the one-year recall. After stressing that procedural due process must be met before one's operating privilege can be revoked or recalled, the court in *Clayton* identified the essence of due process as a requirement for a meaningful hearing. The court then pointedly noted that when a hearing excludes consideration of an element essential to the decision of whether a license shall be recalled, it does not meet that standard. The court recognized the interest of Department in protecting the physical well being of the public but determined that this was outweighed by a licensee's interest in his or her operating privilege, especially in the minimal burden to Department in litigating such competency issues....

Finally, Department contends that the six-month seizure-free requirement for those diagnosed with seizure disorders does not create an irrebuttable presumption but, instead, creates a classification of high-risk drivers. Noting that driving is a privilege, not a right, Department argues that legislation regarding that privilege must be analyzed under the rational relationship test.... We note that our supreme court specifically dismissed this argument in *Clayton*.

*Dewey*, 997 A.2d at 418–419

Therefore, following *Dewey*, we conclude that the foregoing contentions are without merit.

The Department also contends that the trial court exceeded its scope of review under 67 Pa.Code § 83.5(a)(2)(i)—to determine whether Licensee had been free of syncopal attack or vertigo for at least six months—and created its own policy to decide whether Licensee was safe to resume driving. The Department argues that the trial court, in so doing, relied instead upon evidence that is incompetent under Pa. R.E. 702 (pertaining to expert testimony) and the *Frye* standard for scientific evidence.[7] However, our review of the record reveals that the Department did not raise these issues in its Pa. R.A.P. 1925(b) statement and, therefore, these issues are waived. Pa. R.A.P. 1925(b)(4)(vii); *Boro Construction, Inc. v. Ridley School District,* 992 A.2d 208 (Pa.Cmwlth.2010).

Finally, the Department asserts that the trial court's decision is unsupported by substantial evidence. After recognizing that *Clayton* and *Peachey* precluded the Department from relying upon an irrefutable regulatory presumption that Licensee was incompetent to drive for six months, the trial court decided the appeal based on the totality of the evidence presented at the hearing, which included the reports of Dr. Bhat. Dr. Bhat, who has been treating Licensee since August of 2006, opined that Licensee was capable of driving a motor vehicle, and we conclude that his reports constitute substantial evidence in support of the trial court's decision.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 19th day of August, 2010, the December 3, 2009, order of the Court of Common Pleas of Allegheny County is hereby AFFIRMED.

---

**7.** *See Frye v. United States,* 293 F. 1013 (D.C.Cir.1923) (holding that a party wishing to introduce expert testimony involving novel scientific evidence must demonstrate that the relevant scientific community has reached general acceptance of the principles and methodology employed by the expert witness before the expert witness may testify regarding his or her conclusions).