580 A.2d 914

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Thomas v. OSBORNE, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 1990.

Decided Sept. 27, 1990.

Timothy P. Wile, Asst. Counsel in Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

Matthew Hanna, Media, for appellee.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the Order of the Court of Common Pleas of Delaware County, entered June 22, 1989, which sustained Thomas V. Osborne's (Osborne) appeal of his license suspension.

On the evening of July 9, 1988, Osborne was involved in an accident. The police officer who arrived at the scene to investigate noticed that Osborne's eyes were bloodshot and that his speech was slurred, and the officer smelled alcohol

on his breath. The officer arrested Osborne for driving under the influence of alcohol, read him his *Miranda*[1] rights, requested that he submit to chemical testing and informed him, pursuant to Section 1547 of the Vehicle Code,[2] that his license would be suspended if he refused. Osborne refused to submit to chemical testing. He was subsequently transported to the police station.

Conflict exists in the testimony as to when the following occurred, but it was established that the police officer told Osborne that he may end up in a worse position if he submitted to the test and also that he (the officer) was aware of a special work permit which would allow Osborne to drive to and from work during his suspension. Osborne's parents also received this information when they arrived at the station to pick up their son.

On August 3, 1988, DOT mailed notification to Osborne that his driving privileges were being suspended for one

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. 75 Pa.C.S. § 1547 provides:
   § 1547. Chemical testing to determine amount of alcohol or controlled substance
   (a) General rule.—Any person who drives, operates or is in actual physical control of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:
   . . . . 
   (b) Suspension for refusal.—
   (1) If any person placed under arrest for violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.
   (2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.
   (3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons.

year due to his violation of Section 1547 of the Code. Osborne appealed and a hearing was held June 19, 1989. Testimony was taken from Osborne, his parents, and the arresting officer. The trial court sustained the appeal, finding that the officer's statement about the special license that would enable Osborne to drive to and from work negated the warning required by Section 1547(b)(2).

Our scope of review is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Reuben*, 130 Pa.Commonwealth Ct. 14, 566 .A.2d 929 (1989).

DOT argues that it met its burden of proof for each of the elements of refusal by testimony that established that (1) Osborne was placed under arrest for driving under the influence of alcohol; (2) he was asked to submit to a chemical test; (3) he refused to do so; and (4) he was warned that his license would be suspended if he refused to take the test. *Department of Transportation, Bureau of Traffic Safety v. Gordon*, 95 Pa.Commonwealth Ct. 546, 505 A.2d 1125 (1986). DOT relies on *Forte v. Department of Transportation, Bureau of Motor Vehicles*, 94 Pa.Commonwealth Ct. 194, 503 A.2d 107 (1986) where we held that a police officer's remark that a refusal is the same as failing a breath test did not negate the admitted properly administered warning concerning refusal, for its argument that the officer's erroneous remark in this case, which was given *after* the warning, did not negate that warning. In this case the officer's statement, after giving a proper warning, was that Osborne could get a special work permit to drive to and from work during suspension, which is factually different because it effectively related that there would be no suspension.

Essentially, DOT urges us to take the position that once a warning under Section 1547 is properly given to a driver,

any subsequent misinformation given to the driver is harmless. This is contrary to the well-established principle that an appeal of a suspension imposed pursuant to this section will be sustained if the driver proves by competent evidence that he was unable to make a knowing and conscious refusal. *Waigand v. Commonwealth*, 68 Pa.Commonwealth Ct. 541, 449 A.2d 862 (1982). In the present case, the trial court determined that the arresting officer's statement about the availability of a special license prevented Osborne from making a knowing and conscious refusal, and we agree.

In *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), our Supreme Court addressed the confusion which results to drunk driving arrestees when *Miranda* warnings and the implied consent warning are given contemporaneously. The Court found that this confusion prevents a knowing and conscious refusal, and held that an arrestee who requests to speak to or call an attorney, or anyone else, when requested to submit to chemical testing must be told that he does not have the right to consult with an attorney or anyone else prior to taking the test. The Court indicated that it is appropriate to place this duty on the police, since it is their course of conduct which creates the confusion in these cases.

Likewise, the conduct of the arresting officer in the present case created confusion which prevented Osborne from making a knowing and conscious refusal.[3] Af-

3. Conflicting testimony exists as to when the officer's statement was made, whether before or after Osborne refused to submit to the test. The trial court found the following:

> The police officer, when he requested that the defendant submit to a blood alcohol test, informed the defendant that he would lose his license for one year if he refused the test. The police officer also informed the defendant that a special license to travel to and from work was available during the suspension period. The police officer did not state when, during the arrest and custody of the defendant, that he told the defendant about the special license for work. The defendant testified that the officer informed him of the special license when the officer explained the implied consent law.

ter an arrest for driving under the influence, the police officer must (1) request that the arrestee submit to chemical testing, (2) inform the arrestee that a refusal to submit to chemical testing will result in suspension of his or her operating privileges for one year, and (3) if the arrestee requests to speak to or call an attorney, or anyone else, when requested to submit to chemical testing the officer must instruct the arrestee that such rights are inapplicable to chemical testing and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.[4]

Finding that the trial court's findings are supported by competent evidence and that no error of law or abuse of discretion was committed, we affirm its decision to reverse Osborne's license suspension.

## ORDER

AND NOW, this 27th day of September, 1990, the Order of the Court of Common Pleas of Delaware County, entered June 22, 1989, which sustained the appeal of license suspension, is affirmed.

---

The officer also admits that he informed the defendant's mother and stepfather about the special license when they arrived at the police station to pick up their son.

. . . . .

In the instant case, the officer's statement to the defendant that there is a special license available that would permit the defendant to drive to and from work, negated the warning required by 1547(b)(2). (Opinion, p. 1–2)

4. We note that giving or not giving *Miranda* warnings after arrest does not alter the required request to submit to chemical testing and warning of the consequence of refusal.