Elaine MONTCHAL

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 28, 2001.

Decided March 25, 2002.

---

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

Before COLINS, Judge, LEADBETTER, Judge, and MIRARCHI, Jr., Senior Judge.

OPINION BY Senior Judge MIRARCHI, Jr.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Cumberland County (trial court) which sustained the appeal of Elaine Montchal (Licensee) from a recall of her operating privilege that was imposed by the Department on grounds of incompetency pursuant to Section 1519(c) of the Vehicle Code (Code), *as amended,* 75 Pa. C.S. § 1519(c).[1]  We reverse.

On September 5, 2000, Licensee was involved in a single car accident.  The Lower Allen Township Police Department sent a notice to the Department recommending that Licensee be given a special medical/driver examination.  The form listed Licensee's physical or mental limitations as "glasses/80 years old."  Reproduced Record (R.R.), p. 68a.  The form also listed the reason for requesting the

---

1. Section 1519(c) provides:
   The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter.  The recall shall be for an indefinite period until satisfactory evidence is presented to the department in accordance with regulations to establish that such person is competent to drive a motor vehicle.  The department shall suspend the operating privilege of any person who refuses or fails to comply with the requirements of this section until that person does comply and that person's competency to drive is established.  Any person aggrieved by recall or suspension of the operating privilege may appeal in the manner provided in section 1550.  The judicial review shall be limited to whether the person is competent to drive in accordance with the provisions of the regulations promulgated under section 1517 (relating to Medical Advisory Board).

examination as: "Crashed into tree, single vehicle accident. Also received call from neighbor, about her driving." *Id.*

By notice dated September 29, 2000, the Department informed Licensee that it had received information indicating that she may have a general medical condition that could affect her ability to drive. The Department informed Licensee that it was necessary for her to take a driving examination.[2] The Department advised Licensee that if she failed to comply with the request within 30 days, her operating privileges would be suspended. On October 25, 2000, Licensee took a driver's test but failed the driving, traffic signs and laws sections of the examination. By notice dated December 13, 2000, the Department informed Licensee that her operating privileges were being suspended indefinitely effective January 17, 2001 as a result of her failure to comply with the Department's previous request for a driver's examination.[3] Licensee then appealed to the trial court.[4]

■ After a hearing, the trial court sustained Licensee's appeal. The trial court concluded that the Department could not recall the operating privileges of any person based on a recommendation from a local police department where there is no medical report or medical testimony suggesting that the motorist is not competent

to drive. The Department now appeals to this Court.[5]

On appeal, the Department argues that the trial court erred in concluding that the Department had no authority to require Licensee to undergo a driving examination.

■ The general rule regarding the determination of incompetency is found in Section 1519(a) of the Vehicle Code. That Section provides:

The department, having cause to believe that a licensed driver or applicant may not be physically or mentally qualified to be licensed, may require the applicant or driver to undergo one or more of the examinations authorized *under this subchapter* in order to determine the competency of the person to drive. The department may require the person to be examined by a physician or a licensed psychologist designated by the department or may require the person to undergo an examination by a physician or a licensed psychologist of the person's choice. If the department designates the physician or licensed psychologist, the licensed driver or applicant may, in addition, cause a written report to be forwarded to the department by a physician or a licensed psychologist of the driver's or applicant's choice. Vision qualifications may be determined by an optometrist or ophthal-

---

2. The notice advised Licensee that she had three opportunities to take the test.

3. As explained by the Department before the trial court, the Department requires that the driver take *and pass* the driver's examination.

4. Licensee also requested a supersedeas. At the supersedeas hearing, Licensee introduced into evidence a letter from her physician stating that he had examined her on December 22, 2000 to determine her physical and mental capability to operate a motor vehicle. Licensee's physician stated that it was his opinion, to a reasonable degree of medical

certainty, that Licensee was able to operate a motor vehicle safely.

5. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determination demonstrates a manifest abuse of discretion. *Mazza v. Department of Transportation, Bureau of Driver Licensing*, 692 A.2d 251 (1997), petition for allowance of appeal denied, 551 Pa. 172, 709 A.2d 887 (1998).

mologist. The department shall appoint one or more qualified persons who shall consider all medical reports and testimony in order to determine the competency of the driver or the applicant to drive. (Emphasis added.)

The Department contends that it has authority under Section 1519(a) to require a licensee to undergo a driver's examination. The Department relies on the first sentence of Section 1519(a) which provides that it may require the licensee "to undergo one or more of the examinations authorized *under this subchapter* in order to determine the competency of the person to drive." (Emphasis added.) An applicant for a driver's license is required by Section 1508 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1508, to be examined for the type or class of vehicles that the applicant desires to drive. The examination includes "an actual demonstration of ability to exercise ordinary and reasonable control in the operation of a motor vehicle." Pursuant to Section 1514(b) of the Vehicle Code, 75 Pa.C.S. § 1514(b), the Department may require persons applying for renewal of a driver's license "to take and successfully pass such additional tests as the department may find reasonably necessary to determine the applicant's qualifications." The Department contends that because Sections 1508 and 1514(b) are included within the same subchapter as Section 1519, it has authority under Section 1519 to require a licensee to submit to the tests authorized by those Sections.

Pursuant to Section 1921 of the Statutory Construction Act of 1972, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921. Furthermore, a statute should be interpreted as a whole, giving effect to all its provisions. *Commonwealth v. Barfield,* 768 A.2d 343 (Pa.Super.2001). Keeping these principles in mind, we con-clude that Section 1519 grants authority to the Department to require a licensee to submit the tests set forth in Sections 1508 and 1514(b). We further conclude that Section 1519 grants the Department discretion to request the licensee to undergo an examination by a physician, a licensed psychologist or by an optometrist or ophthalmologist. If the Department requires the licensee to undergo a medical examination, Section 1519 then requires the determination of competency to be made based on all medical reports and testimony.

In the case before us, the Department received a police report stating the Licensee had been involved in a single car accident and had crashed into a tree. Based on this information, the Department requested Licensee to take a driver's examination. The Department recalled Licensee's operating privileges because she failed the driver's examination. The Department did not request Licensee to undergo a medical examination; therefore, it was not necessary for the Department to have medical reports and testimony in order to recall her operating privileges.

The order of the trial court is reversed, and the recall of Licensee's operating privileges is reinstated.

## ORDER

AND NOW, this 25th day of March, 2002, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby reversed, and the recall of the operating privilege of Elaine Montchal is reinstated.