**Maylan NEIMEISTER**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 13, 2006.

Decided Dec. 6, 2006.

Publication Ordered Feb. 23, 2007.

---

Jonathan D. Koltash, Certified Legal Intern and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Robert Pandaleon, Bethlehem, for appellee.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY President Judge COLINS.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Northampton County (trial court) that sustained the statutory appeal of Maylan V. Neimeister (Neimeister) from an indefinite suspension of her operating privilege, which the Department imposed pursuant to 75 Pa.C.S. § 1519(c).

On June 30, 2005, an ambulance driver witnessed a tan car cross back and forth over the double yellow line, nearly sideswiping two cars. The ambulance driver stated that he followed the car through Salisbury Township and into Fountain Hill Borough, where the car continued to meander into the wrong lane of traffic causing oncoming motorists to swerve out of the way. The driver reported the incident to the Fountain Hill Police Department, providing a description of the car and the plate number. That same day, police officer Wisser advised the Department of the incident by submitting a Local Police Recommendation For: A Special Medical/Driver Examination.

On August 5, 2005, the Department sent, a then 86 year old Neimeister, a letter advising her that based on information

submitted she may have a general medical condition that could affect her ability to drive. The letter informed Neimeister that she must undergo a physical examination to determine whether she meets the Department's medical standards for driving. The letter also informed her that if she failed to comply with the request within thirty days her driving privilege would be suspended. On August 12, 2005, Neimeister's physician completed and returned the Department's General Medical Form, concluding Neimeister was physically and mentally competent to operate a motor vehicle.

On September 5, 2005 the Department mailed Neimeister a second letter informing her that she had to take a driving examination to determine whether she met the Department's medical standards for driving. The letter informed Neimeister that a Driver License Examiner would conduct the examination, which would test her vision, her knowledge of road rules, and road driving ability. The letter also informed Neimeister that the letter provided her with three opportunities to take the test and if she failed to comply with the request within thirty days her driving privilege would be suspended.

On November 2, 2005, Neimeister passed the vision portion of the examination, but failed the signs and laws portion of the examination on December 13, 2005.[1] Subsequently, in a letter dated December 28, 2005, the Department informed Neimeister that she was notified a month ago that she had to comply with the department's request for a driving examination and as a result of her failure to comply

with that request her driving privilege was "being suspended indefinitely on 02/01/2006, as mandated by 1519(c) of the Vehicle Code." The letter also informed Neimeister that the suspension would remain in effect until she complied with the requested examination. Neimeister filed a statutory appeal in the trial court.

At the hearing, the Department admitted, over objection, a packet of documents that were duly certified under seal. Included in the packet was the Report of the Driver's Examination, which indicated that Neimeister failed the portion of the exam pertaining to traffic signs and laws, as well as, the Local Police Recommendation For: A Special Medical/Driver Examination and the sworn statement of the ambulance driver. The Department rested with the admission of its certified documents. Neimeister did not submit any evidence, but argued the Department could not require her to take the driving examination.

In a written order filed April 13, 2006, the trial court sustained Neimeister's statutory appeal. The trial court concluded that Section 1519 did not provide the Department with the authority to require Neimeister to take a driving examination after she submitted the successful results of the required physical examination. The Department now appeals, arguing the trial court committed a reversible error of law.[2] We agree with the Department.

Section 1519 of the Vehicle Code provides the Department with the statutory authority for determining a licensee's competency to operate a vehicle. Subsec-

---

1. Based on the submitted documents, it does not appear that Neimeister attempted the road driving portion of the examination.

2. Our review of the trial court's de novo review of a suspension of driving privileges is limited to determining whether necessary

findings of fact are supported by competent evidence, and whether the trial court committed a reversible error of law, or abused its discretion. *McKelvy v. Department of Transportation, Bureau of Driver Licensing*, 814 A.2d 843 (Pa.Cmwlth.2003).

tion (a) provides the general rule for determining incompetence and Subsection (c) provides the Department with the authority to recall an incompetent licensees operating privilege.[3]

(a) **General Rule.**—The department, having cause to believe that a licensed driver or applicant may not be physically or mentally qualified to be licensed, *may require the applicant or driver to undergo one or more of the examinations authorized under this subchapter in order to determine the competency of the person to drive.* The department may require the person to be examined by a physician, a certified registered nurse practitioner, a physician assistant or a licensed psychologist designated by the department or may require the person to undergo an examination by a physician, a certified registered nurse practitioner, a physician assistant or a licensed psychologist of the person's choice. If the department designates the physician, a certified registered nurse practitioner, a physician assistant or licensed psychologist, the licensed driver or applicant may, in addition, cause a written report to be forwarded to the department by a physician, a certified registered nurse practitioner, a physician assistant or a licensed psychologist of the driver's or applicant's choice. Vision qualifications may be determined by an optometrist or ophthalmologist. The department shall appoint one or more qualified persons who shall consider all medical reports and testimony in order to determine the competency of the driver or the applicant to drive.

. . . .

(c) **Recall or Suspension of Operating Privilege.**—The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The recall shall be for an indefinite period until satisfactory evidence is presented to the department in accordance with regulations to establish that such person is competent to drive a motor vehicle. The department shall suspend the operating privilege of any person who refuses or fails to comply with the requirements of this section until that person does comply and that person's competency to drive is established. Any person aggrieved by recall or suspension of the operating privilege may appeal in the manner provided in section 1550. The judicial review shall be limited to whether the person is competent to drive in accordance with the provisions of the regulations promulgated under section 1517 (relating to Medical Advisory Board).

75 Pa.C.S. § 1519(a), (c).

In *Montchal v. Department of Transportation, Bureau of Driver Licensing,* 794 A.2d 973, 976 (Pa.Cmwlth.2002), we held that Section 1519 provided the Department with the authority to subject a licensee to a driving examination in order to determine her competency to drive. There, the police referred the licensee's name to the Department after the licensee was involved in a single car accident. The Department subjected the licensee to a driving examination, but not a physical examination. After the licensee failed the signs and laws portion of the examination, the Department indefinitely suspended the licensee's operating privilege. The trial court sustained the licensee's appeal, concluding the "Department could not recall

**3.** Subsection (b) requires that the reports used by the Department to determine incompetency must remain confidential.

the operating privileges of any person based on a recommendation from a local police department where there is no medical report or medical testimony suggesting that the motorist is not competent to drive." *Id.* at 975. We reversed the trial court, concluding "that Section 1519 grants authority to the Department to require a licensee to submit [to] the tests set forth in Sections 1508 and 1514(b)," including the driving examinations.[4] *Id.* We further determined that "Section 1519 grants the Department the discretion to request the licensee to undergo an examination by a physician," and "[i]f the Department requires the licensee to undergo a medical examination, Section 1519 then requires the determination of competency to be made based on all medical reports and testimony." *Id.*

The trial court acknowledged that Section 1519(a) and our holding in *Montchal* provide the Department with the authority to subject a licensee to a driving examination, but noted that Section 1519(a) contains a limiting clause, which only allows the Department to subject a licensee to an examination if the Department has "cause to believe that a licensed driver or applicant may not be physically or mentally qualified to be licensed." The trial court explained that in *Montchal* the Department had cause to believe the licensee was not physically or mentally qualified to be

licensed when it required the driving examination because there was not an intervening physical examination between the time of the driving examination and receipt of the police recommendation. The trial court distinguished the present facts, reasoning that once Neimeister submitted the successful results of her medical examination to the Department, the Department could not subject her to the subsequent driving examination because it no longer had cause to believe that she was not physically or mentally qualified to be licensed.

We do not believe Section 1519(a) or our holding in *Montchal* should be read so narrowly. The phrase, "having cause to believe a person is not physically or mentally qualified," is merely a preliminary requirement that is satisfied by the submission of the examination recommendation to the Department. At that point, Section 1519(a) grants the Department the authority to subject the licensee to "one or more of the examinations authorized under this subchapter in order to determine the competency of the person to drive." The required examinations may include a mental examination, a physical examination, or any other examination included in the subchapter, which as we held in *Montchal*, includes a driving examination. Section 1519(a) further states that a qualified person appointed by the Department will then

---

4. 75 Pa.C.S. § 1508(a) provides, in relevant part:

The examination shall include a physical examination, a screening test of the applicant's eyesight and a test of the applicant's ability to read and understand official traffic-control devices, knowledge of safe driving practices and the traffic laws of this Commonwealth, and shall include an actual demonstration of ability to exercise ordinary and reasonable control in the operation of a motor vehicle of the type or class of vehicles for which the applicant desires a license to drive.

75 Pa.C.S. § 1514(b) provides, in relevant part:

The department may require the applicant to take and successfully pass such additional tests as the department may find reasonably necessary to determine the applicant's qualification according to the type or general class of license applied for and such examination may include any or all of the other tests required or authorized upon original application by section 1508 (relating to examination of applicant for driver's license).

consider "all medical reports and testimony in order to determine the competency of the driver or applicant to drive."

In the case before us, the Department received a police recommendation for a competency examination of Neimeister. Included with the recommendation was a sworn statement that Neimeister almost hit a number of cars while driving on the wrong side of the road. The recommendation and the sworn statement provided the Department with cause to believe that Neimeister was not physically or mentally qualified to drive. In accordance with the authority provided by Section 1519, the Department required Neimeister to take a physical examination, which her doctor said she passed, and a subsequent driving examination, which the Department determined she failed. Although Neimeister's doctor found her competent to drive from a medical standpoint after the initial physical examination, Section 1519 granted the Department the authority to require Neimeister to undergo more than one examination in order to determine her competency to operate a vehicle. Accordingly, the trial court is reversed.

### ORDER

AND NOW, this 6th day of December 2006, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is reversed, and the Driver's License suspension is reinstated without prejudice to Neimeister to take the required driving examination pursuant to the September 5, 2005, letter.