Anthony Dennis ZALESKI, Appellant

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 22, 2010.

Decided April 14, 2011.

Publication Ordered June 22, 2011.

Gerard M. Karam, Scranton, for appellant.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellee.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Anthony Dennis Zaleski (Licensee) appeals from an order of the Court of Common Pleas of Lackawanna County (Trial Court) which dismissed Licensee's appeal from a one-year suspension of Licensee's operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1).[1] We affirm.

The following facts are based on the Trial Court's Opinion, and concomitant credibility determinations. On November 27, 2009, Officer Brian Borowicz of the Olyphant Borough Police Department conducted a traffic stop of the vehicle driven by Licensee after observing the vehicle driving without headlights during the nighttime. After observing multiple signs of intoxication during the stop, Officer Borowicz conducted a preliminary breathalyzer test that indicated a breath alcohol level of .226.[2] Officer Borowicz then placed Licensee into custody, advised him of his arrest for driving under the influence of alcohol (DUI), and transported him to the Mid Valley Hospital for blood testing.

At the hospital, Officer Borowicz received a telephone call on his personal phone prior to any attempt to administer the blood alcohol test to Licensee. In that phone call, Officer Borowicz was requested, by a police officer from a neighboring municipality, to "help [Licensee] out with the DUI. He advised me to try to advise [Licensee] to refuse the blood sample." Reproduced Record (R.R.) at 10a.

---

1. Section 1547(b)(1) of the Vehicle Code reads, in relevant part:
 (b) Suspension for refusal.—
 (1) If any person placed under arrest for a violation of section 3802 [relating to driving under the influence of alcohol] is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

 (i) ... for a period of 12 months.

2. Section 3802 of the Vehicle Code, 75 Pa. C.S. § 3802, states generally that an individual may not drive a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

Officer Borowicz then advised Licensee that he could not offer Licensee any legal advice, and that Licensee would be read the required chemical test warnings before being allowed to make a decision on whether to submit to the provision of a blood sample and testing. Officer Borowicz further advised Licensee that another officer had advised that Licensee refuse the blood sample and related testing. Officer Borowicz then informed Licensee of the suspension consequences that would arise should Licensee refuse to submit to the requested testing, by reading to Licensee, *verbatim*, Form DL–26, which contains the chemical testing warnings required by Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547. Following his receipt of the warnings from Form DL–26, Licensee was then requested to submit to chemical testing. Following Officer Borowicz's Form DL–26 reading, and his test submission request, Licensee gave no indication that he did not understand the warnings, signed the DL–26 warning form acknowledging his understanding of the consequences of a refusal, and refused to submit to the test.

By notice dated December 23, 2009, DOT notified Licensee of the one-year suspension of his operating privilege pursuant to Section 1547 of the Vehicle Code, as a result of his prior refusal to submit to chemical testing at the hospital. Licensee filed a timely statutory appeal of the suspension in the Trial Court, which subsequently held a hearing on the matter on March 31, 2010. The Trial Court found Officer Borowicz's testimony to be more credible than the testimony of Licensee and dismissed Licensee's appeal. Licensee now timely appeals to this Court.

 Our scope of review in an operating privilege suspension case is confined to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Ingram*, 538 Pa. 236, 648 A.2d 285 (1994).

 In order to support a one-year suspension of operating privileges imposed in conformity with Section 1547(b) as a consequence of a chemical test refusal related to an arrest for violating Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802, DOT must establish that 1) the licensee was arrested for violating Section 3802; 2) by a police officer who had reasonable grounds to believe that the licensee was operating a vehicle while in violation of Section 3802; 3) that the licensee was requested to submit to a chemical test; 4) that the licensee refused to do so; and 5) that the police officer fulfilled the duty imposed by Section 1547(d)(2) by advising the licensee that his operating privilege would be suspended if he refused to submit to chemical testing and that, in the event the licensee pleaded guilty or *nolo contendere* to or was found guilty of violating Section 3802(a)(1) after refusing testing, the licensee would be subject to the penalties set forth in Section 3804(c). *Martinovic v. Department of Transportation, Bureau of Driver Licensing*, 881 A.2d 30, 34 (Pa.Cmwlth.2005). Once DOT meets its burden, it is the licensee's responsibility to prove that he was not capable of making a knowing and conscious refusal to take the chemical test. *Id.* The law requires that the police must tell the licensee of the consequences of a refusal to take the test so that he can make a knowing and conscious choice. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

Licensee presents one issue for review: whether the Trial Court erred in conclud-

ing that Licensee made a conscious and knowing refusal to submit to the chemical testing in this matter, given the confusing nature of the atmosphere in the hospital at the time Officer Borowicz requested that Licensee submit to the test.

Licensee argues that Officer Borowicz's relaying of the information in the phone call that he took, namely that another officer was advising Licensee to refuse the chemical testing at the hospital, created such a confusing atmosphere for Licensee that he was incapable of making a knowing and conscious refusal of the test. Licensee cites to Officer Borowicz's admission to the Trial Court that the circumstances created by that phone call were indeed confusing, and beyond the realm of any DUI circumstances that Officer Borowicz had encountered in his law enforcement career. R.R. at 13a–15a. In support of this argument, Licensee cites to *Department of Transportation, Bureau of Driver Licensing v. Osborne*, 135 Pa.Cmwlth. 297, 580 A.2d 914 (1990), in which we affirmed a trial court's sustaining of a licensee's appeal.

In *Osborne*, an officer properly warned a licensee that a refusal to take a requested chemical test would result in a suspension of his license, but thereafter informed the licensee that he could get a special work permit to drive to and from work during suspension under a section of the Vehicle Code not at issue herein. The trial court sustained licensee's appeal, and we affirmed based in relevant part upon the trial court's factual finding that the conduct of the arresting officer created confusion which prevented the licensee from making a knowing and conscious refusal. Additionally, we rejected in *Osborne* DOT's position that once a warning under Section 1547 of the Vehicle Code is proper-

ly given to a driver, any subsequent misinformation given to the driver is harmless.

■ In the instant matter, Licensee urges us to equate Officer Borowicz's voluntary relaying of the other officer's advice to the circumstances in *Osborne*, in that sufficient confusion was created herein to render any decision by Licensee not knowing and not conscious in respect to refusing the requested chemical testing. Licensee emphasizes that he relied upon Officer Borowicz's express provision of the other officer's advice to his detriment, in refusing to consent to the test, notwithstanding Officer Borowicz's emphasis that he could not provide legal advice, and notwithstanding the undisputed fact that Licensee signed the warning form expressly stating that he understood the consequences of his refusal.

However, one primary and dispositive factor distinguishes this case from *Osborne*, and from the related precedents relied upon Licensee herein; once DOT meets its burden for a license suspension under *Ingram*, it is licensee's burden to then prove that he was not capable of making a knowing and conscious refusal to take the test. This is a factual determination which is to be made by the trial court. *O'Connell*. In *Osborne*, the trial court found the licensee credible regarding his confusion over the refusal consequences. Herein, the Trial Court did not find Licensee credible regarding his confusion. Licensee does not argue to this Court that the Trial Court's finding that Licensee was capable of making a knowing and conscious decision is not supported by substantial evidence.[3]

Questions of credibility and conflicts in the evidence presented are for the trial

**3.** Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Millili v.*

*Department of Transportation, Bureau of Driver Licensing*, 745 A.2d 111 (Pa.Cmwlth.2000).

court to resolve, and are not within the province of our appellate courts. *O'Connell.* As long as sufficient evidence exists within the record which is adequate to support a finding found by the trial court in its role as the fact finder, reviewing courts are precluded from overturning that finding and must affirm, thereby paying proper deference due to the fact finder who heard the witnesses testify and was in the sole position to observe the demeanor of the witnesses and assess their credibility. *Id.*

In this matter, the Trial Court reviewed the testimony and evidence of record, including both Officer Borowicz's and Licensee's testimony, and including Form DL–26 signed by Licensee acknowledging his understanding of the consequences of any refusal to submit to the requested chemical testing. The Trial Court expressly found Officer Borowicz more credible than Licensee, and we will not disturb that credibility determination on appeal.

Accordingly, we affirm.

### ORDER

AND NOW, this 14th day of April, 2011, the order of the Court of Common Pleas of Lackawanna County dated March 31, 2010, at No. 2010 CIV 361, is affirmed.