# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Otis Erisman,                                   :
                  Appellant       :
                                :
               v.                              :  No. 1030 C.D. 2015
                                :  Submitted: January 29, 2016
Commonwealth of Pennsylvania,   :
Department of Transportation,     :
Bureau of Driver Licensing        :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: April 6, 2016**

Otis Erisman (Motorist) appeals an order of the Court of Common Pleas of Montgomery County (trial court)[1] that denied his appeal from a suspension of his operating privilege pursuant to Section 1519(c) of the Vehicle Code, 75 Pa. C.S. §1519(c) (relating to incompetency to drive for medical reasons). The Department of Transportation, Bureau of Driver Licensing (DOT) recalled Motorist's operating privilege based on a cognitive impairment. Motorist claims there was no competent evidence showing any cognitive disability. He contends the trial court erred in not granting reconsideration when the physician who authored the medical report underlying the recall recanted his medical opinion. Discerning no error below, we affirm.

---

[1] The Honorable Bernard A. Moore presiding.

## I. Background

In November 2012, a police officer (Officer) observed Motorist driving under the posted speed limit. Motorist then came to a stop in the middle of the road on a double-yellow line and exited the vehicle into oncoming traffic. After asking Officer for directions, Motorist returned to his vehicle and attempted to twice turn around into oncoming traffic. He drove over a curb and into the grass where Officer directed him to park. While Officer checked his license, Motorist accelerated, causing the engine to scream. Because Officer believed Motorist was unable to drive safely, he had the vehicle towed and Motorist was driven home. Officer did not issue Motorist a citation.

Officer reported his observations to DOT on a Form DL-118 "Local Police Recommendation for: A Special Medical Driver Examination (Police Recommendation)." Reproduced Record (R.R.) at 80a. The next day, according to the Initial Reporting Form, Dr. Donald Corey (Reporting Physician), a staff physician for the continuing care community where Motorist resides, examined Motorist. Motorist's name, date of birth, driver license number, and the date of the exam appears on the complete Initial Reporting Form. R.R. at 79a. Under the diagnosis section, Reporting Physician wrote Motorist suffers from "dementia" and indicated his dementia interferes with his ability "to safely operate a vehicle." Id.

Based on this incident, DOT sent Motorist an official notice of recall (Recall Notice). The Recall Notice informed Motorist that his license would be recalled, effective November 29, 2012, pursuant to Section 1519(c) of the Vehicle Code, 75 Pa. C.S. §1519(c). The Recall Notice advised Motorist that the medical

2

information DOT received indicated Motorist's cognitive impairment rendered him unable to safely operate a motor vehicle. R.R. at 76a. The Recall Notice also advised that his license would remain recalled until he demonstrated he met minimum standards for driver competence. With the Recall Notice, DOT enclosed Form DL-131, Cognitive Impairment Form to allow Motorist's healthcare provider to report on his medical condition.

Reporting Physician then completed a second reporting form (Second Report). In the Second Report, Reporting Physician wrote Motorist suffered from "dementia with loss of cognition," and restated this condition affected Motorist's ability to safely operate a vehicle. R.R. at 75a.

In response to Motorist's request, DOT sent Motorist a letter enclosing another Cognitive Impairment Form and Form DL-123, General Impairment Form (Letter). Again, DOT advised Motorist to have the enclosed forms completed by his healthcare provider. The Letter specifically instructed: "Your healthcare provider must address the incident that occurred on 11/06/12." R.R. at 74a.

Motorist filed a statutory appeal with the trial court, alleging the recall was inappropriate because he did not have a cognitive impairment. Motorist also sought a supersedeas, which the trial court granted after a brief hearing. Motorist did not testify. Motorist's counsel submitted another Cognitive Impairment Form completed by Motorist's physician of 16 years, Seth Braunstein, M.D. (Treating Physician), stating he had no cognitive impairment. The trial court did not admit the form as evidence. DOT did not oppose the supersedeas. R.R. at 12a.

3

After two years of continuances, the trial court held a *de novo* hearing. At the hearing, the trial court admitted into evidence DOT's packet of certified documents, which included the Recall Notice, the Initial Reporting Form, a Cognitive Impairment Form, the Second Report, and the police officer's recommendation to DOT. DOT did not offer any other evidence.

Motorist re-submitted the Cognitive Impairment and General Medical Forms submitted at the supersedeas hearing, completed by Treating Physician. He also submitted a General Medical Form and a Cognitive Impairment Form completed by a new geriatric physician, John Bruza, M.D., who examined Motorist a week before the hearing. The forms state no cognitive impairment exists.

In addition, Motorist testified on his own behalf. As to the Incident, he explained he was lost at the time, and stopped to ask Officer for directions. As to the alleged cognitive impairment, he testified that Reporting Physician never examined him; he was his wife's physician, not Motorist's physician. He admitted he received a letter from DOT requesting that he take a driver's test. However, he refused the re-test on the advice of counsel.

Ultimately, the trial court dismissed Motorist's appeal. It determined DOT met its *prima facie* burden that Motorist was incompetent to drive, which Motorist did not overcome.

Days after the hearing, Motorist filed a motion for reconsideration, appending an affidavit by Reporting Physician recanting his earlier medical reports

4

(Affidavit). In the Affidavit, Reporting Physician attested he was not Motorist's treating physician, and he did not examine him. Rather, Reporting Physician stated he mistakenly completed the forms believing they referred to Motorist's wife who he treated. The trial court denied reconsideration.

Motorist filed a concise statement of the errors complained of on appeal. See Pa. R.A.P. No. 1925. In its Rule 1925(a) opinion, the trial court reasoned Motorist did not submit sufficient evidence to overcome DOT's evidence. Specifically, it determined Motorist's medical experts offered no explanation for the November 2012 incident that triggered the proceedings. In addition, the trial court noted that Treating Physician's specialty was in the treatment of diabetes, not neurological disorders. The trial court also found Motorist's testimony failed to establish competency. Tr. Ct., Slip. Op., 8/25/15, at 5. The trial court did not consider the Affidavit because Motorist did not submit it before the record closed, and it constituted inadmissible hearsay.

## II. Discussion

On appeal,[2] Motorist argues the trial court abused its discretion because its determination relies on hearsay. He asserts Officer's recommendation and Reporting Physician's reports should not have been considered. He also contends the trial court erred in denying reconsideration when Reporting Physician recanted his reports regarding Motorist's cognitive disability.

---

[2] Our review is limited to determining whether the trial court's necessary findings were supported by substantial evidence and whether the court committed a reversible error of law or abused its discretion. Helwig v. Dep't of Transp., Bureau of Driver Licensing, 99 A.3d 153 (Pa. Cmwlth. 2014).

5

Section 1519(c) of the Vehicle Code, relating to a recall or suspension of motor vehicle operating privileges, provides in part:

> [DOT] shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The recall shall be for an indefinite period <u>until satisfactory evidence is presented to [DOT] in accordance with regulations</u> to establish that such person is competent to drive a motor vehicle.

75 Pa. C.S. §1519(c) (emphasis added).

In a medical recall proceeding, it is DOT's burden to prove by a preponderance of the evidence that the licensee is medically incompetent to drive. <u>Byler v. Dep't of Transp., Bureau of Driver Licensing</u>, 883 A.2d 724 (Pa. Cmwlth. 2005). "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to 'a more likely than not' inquiry." <u>Helwig v. Dep't of Transp., Bureau of Driver Licensing</u>, 99 A.3d 153, 158 (Pa. Cmwlth. 2014) (quoting <u>Carey v. Dep't of Corr.</u>, 61 A.3d 367, 374 (Pa. Cmwlth. 2013)).

DOT may make a *prima facie* case of medical incompetency by introducing the medical report submitted to DOT by a healthcare provider. <u>Meter v. Dep't of Transp., Bureau of Driver Licensing</u>, 41 A.3d 901 (Pa. Cmwlth. 2012). Once DOT establishes a *prima facie* case, the burden of production then shifts to a licensee to establish he was competent to drive on the date of the recall or has since become competent to drive. <u>Id.</u> If the licensee is successful, the burden shifts back to DOT to present additional evidence of incompetency to satisfy its ultimate burden of proof. <u>Helwig</u>. Although the burden of production shifts, "[t]he burden of persuasion never leaves [DOT]." <u>Id.</u> at 158 (citation omitted).

6

The trial court is the ultimate finder of fact. <u>Byler</u>. It is within the trial court's discretion to make credibility and persuasiveness determinations. <u>Id.</u> In making a determination of whether a licensee is competent to drive, a trial court may consider "the timing and issuance of multiple forms, the conflicting statements contained on the forms and the lack of clarity regarding the extent to which [a] [p]hysician's opinion were based on current examinations." <u>Helwig</u>, 99 A.3d at 158 (quoting <u>Turk v. Dep't of Transp., Bureau of Driver Licensing</u>, 983 A.2d 805, 815 (Pa. Cmwlth. 2009)).

A trial court's decision to sustain a recalled licensee's appeal must be supported by substantial evidence. <u>Meter</u>; <u>Dewey v. Dep't of Transp., Bureau of Driver Licensing</u>, 997 A.2d 416 (Pa. Cmwlth. 2010). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Zaleski v. Dep't of Transp., Bureau of Driver Licensing</u>, 22 A.3d 1085 (Pa. Cmwlth. 2011).

### A. Competent Evidence

First, Motorist challenges the competency of DOT's evidence when the documents contained in the certified packet were not corroborated by testimony. Generally, we agree with Motorist that such documents would be inadmissible hearsay. However, his position disregards the statutory basis for admitting such reports in recall proceedings.

Pursuant to Section 1519(b), medical reports received by DOT for purpose of determining license qualifications, although not generally admissible,

7

may be admitted in proceedings under Section 1550 of the Vehicle Code (relating to recall, suspension or revocation of a driver's license). 75 Pa. C.S. §1519(b); Ploof v. Com., 590 A.2d 1318, 1320 (Pa. Cmwlth. 1991). "[T]he medical report itself is sufficient to meet and overcome [DOT]'s initial burden to establish a *prima facie* case." Helwig, 99 A.3d at 158 (quoting Meter, 41 A.3d at 905-06).

Here, to meet its initial burden, DOT submitted the certified packet. The packet contained two reports completed by Reporting Physician in November 2012, shortly after the triggering incident. The packet also contained Officer's recommendation. Reporting Physician, who was the physician at the facility where Motorist resided, stated Motorist had dementia and his condition would affect his ability to drive.

The trial court noted Reporting Physician wrote Motorist's name on the form, his driver's license number, date of birth, and the date of examination. Also, Reporting Physician signed the Initial Reporting Form. Reporting Physician then completed a Second Report, confirming the diagnosis of dementia. Again, the form contained the identifiers for Motorist, the date of the re-exam, and Reporting Physician signed it.

The trial court credited the two reports of Reporting Physician. Their admission in the recall proceeding was proper under Section 1550. Accordingly, the trial court did not err in relying on such evidence. Consequently, the trial court did not err in finding DOT presented competent evidence to satisfy its *prima facie* burden.

Having met its *prima facie* burden, the burden of production shifted to Motorist.  Helwig.  Motorist testified on his own behalf.  Although the hearing was continued numerous times, Motorist did not submit any medical testimony to support the conflicting medical reports of Treating Physician that stated he had no cognitive impairment.

"[T]he trial court, acting as fact-finder … [determines] whether [Motorist] carried [his] burden to prove competency to drive."  Id. at 161.  Here, the trial court determined Motorist did not rebut DOT's evidence through medical evidence or his testimony.

The record here contains conflicting medical reports.  The trial court credited the reports completed by Reporting Physician over those of Treating Physician.  Tr. Ct., Slip Op. at 5.  That is the trial court's prerogative.  Helwig. The trial court emphasized Reporting Physician's reports contained accurate identifiers for Motorist.  The General Medical Form for Treating Physician did not contain such identifiers.  In addition, the Treating Physician specialized in diabetes, not neurology.  Also, the Cognitive Impairment Form completed by Treating Physician was not admitted into evidence.  Further, the trial court noted that none of Motorist's medical experts offered any explanation for the triggering incident.

Because Reporting Physician's reports were properly admitted, the dispute comes down to a credibility determination.  The trial court resolved the conflicting evidence in DOT's favor.  We cannot disturb this determination on appeal.  Helwig; Byler.

9

**B. Driver's Test**

Next, we consider Motorist's contention that DOT lacks the authority to require him to take a driver's test to show his competency to drive. He asserts his submission of reports by Treating Physician to DOT sufficed to show his competence. He also argues DOT's *oral* request that he perform a driver's test violated his due process rights.

At the outset, Motorist premises his argument on the allegation: "[DOT] <u>never</u> gave [Motorist] written notice that he was required to take any driver test." Appellant's Br. at 16 (emphasis in original). That statement conflicts with Motorist's admission during the hearing that "I think there was a letter to that effect." R.R. at 54a (referring to DOT's request for a re-test).

Moreover, this Court's decisions establish that DOT has the authority to request a motorist to take a driver's test when there is conflicting or unclear medical evidence regarding the matter. <u>Turk</u>; <u>see also</u> <u>Neimeister v. Dep't of Transp., Bureau of Driver Licensing</u>, 916 A.2d 712 (Pa. Cmwlth. 2006). Pursuant to Section 1519(a) of the Vehicle Code, DOT is permitted to require Motorist to take a driver's test to show his competency to drive. 75 Pa. C.S. §1519(a).

Specifically, Section 1519(a) provides DOT "may require the applicant or driver to undergo one or more of the examinations authorized under this subchapter in order to determine the competency of the person to drive." <u>Id.</u> Accordingly, DOT did not violate Motorist's due process in requesting he undergo a driver's test.

## C. Reconsideration

Lastly, we consider the trial court's denial of Motorist's request for reconsideration. Motorist argued the Affidavit sufficiently recanted Reporting Physician's reports such that the matter should be reconsidered discounting them. We disagree.

First, there is no indication that the information contained in the Affidavit was not available at the time of the hearing. Considering the hearing was continued for two years, Motorist had sufficient time to obtain the facts contained in the Affidavit before the record closed. Significantly, there is no indication that Reporting Physician was unavailable to testify at the hearing or to provide documentary evidence while the record remained open.

Second, during the hearing, Motorist did not request to supplement the record with the Affidavit. Third, regardless of its timeliness, the Affidavit constitutes hearsay. Pa. R.E. 801.

Finally, Motorist offered no explanation during the hearing as to how Reporting Physician received the forms relating to Motorist's alleged lack of cognition in the first place. The Affidavit likewise offers no explanation in this regard. The Affidavit states simply that Reporting Physician did not remember why or how he erred in completing the reports as to Motorist. The two reports state Motorist's name, driver's license number, birth date and examination date. Some explanation of this alleged mistake, committed twice in two separate reports, is needed.

11

Moreover, a motion for reconsideration "is addressed to the sound discretion of the trial court." Belleville v. David Cutler Grp., 118 A.3d 1184, 1194 (Pa. Cmwlth. 2015) (quoting Moore v. Moore, 634 A.2d 163, 166 (Pa. 1993)). The trial court was in the best position to decide if additional evidence was necessary in reassessing its original order. Moore. Considering the above circumstances, we perceive no abuse of discretion in the trial court's denial[3] of reconsideration here.

### III. Conclusion

For the above reasons, the order of the trial court sustaining Motorist's license recall is affirmed.

_____

ROBERT SIMPSON, Judge

---

[3] Further, a trial court's order denying reconsideration of a final order is not an appealable order. Edwards v. Pa. Bd. of Pardons, 970 A.2d 425 (Pa. 2008).

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Otis Erisman,      :
     Appellant  :
          :
   v.       :  No. 1030 C.D. 2015
          :
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing   :

# **O R D E R**

  **AND NOW**, this 6th day of April, 2016, the Order of the Court of Common Pleas of Montgomery County is **AFFIRMED**.

         _____
         ROBERT SIMPSON, Judge