# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jackie Martin James, Jr., : 
                 Appellant : 
  : 
        v. : 
  : 
Commonwealth of Pennsylvania, : 
Department of Transportation, : No. 629 C.D. 2019
Bureau of Driver Licensing : Submitted: September 17, 2020

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION
BY JUDGE FIZZANO CANNON         FILED:  October 9, 2020

Jackie Martin James, Jr. (Licensee) appeals from the April 26, 2019 order of the Court of Common Pleas of Luzerne County (trial court) denying his statutory appeal challenging the downgrading of his driver's license by the Commonwealth of Pennsylvania, Department of Transportation (Department), Bureau of Driver Licensing (Bureau), from a commercial license to a non-commercial Class C license. Upon review, we affirm.

The underlying facts of this matter are straight forward and not in dispute. Licensee received his commercial driver's license (CDL) in December 2016 after passing a CDL license skills test administered at Luzerne County Community College (LCCC). Thereafter, in 2018, based on an investigation conducted by the Department and the Pennsylvania State Police (PSP) that revealed

irregularities in LCCC's CDL skills testing procedures specific to one examiner, the Department decertified LCCC's commercial driving program. The Department then required 177 LCCC students who had previously passed the CDL skills test, but whose testing fit the suspect pattern of abnormalities related to the examiner in question, to retake the skills test in order to retain their CDL licenses.[1] Licensee was among the students the Department determined needed to retake the skills test. The Department sent Licensee three letters notifying him that he was required to retake the test and warning that the Department would downgrade Licensee's CDL license if he failed to comply. Licensee did not present for retesting and, as a result, on December 10, 2018, the Department downgraded Licensee's CDL license to a non-commercial Class C license. Licensee appealed to the trial court, which denied his appeal after a hearing. Licensee then timely appealed to this Court.

On appeal,[2] Licensee claims the trial court erred by denying his appeal of the Department's downgrading of his license from a CDL license to a non-commercial Class C license because the Department did not prove that Licensee could not exercise ordinary and reasonable control of a commercial motor vehicle or that Licensee engaged in fraud in obtaining his CDL license. *See* Licensee's Brief at 4 & 8-11. Licensee also claims that the trial court erred by refusing to keep the record open to allow Licensee to obtain and introduce evidence regarding CDL testing he underwent with another entity. *See* Licensee's Brief at 12.

---

[1] The Department offered the skills test free of charge to the licensees required to retake the test.

[2] "Our scope of review is limited to determining whether an error of law was committed, the trial court's decision is supported by substantial evidence, or the trial court abused its discretion." *Kozieniak v. Dep't of Transp., Bureau of Driver Licensing*, 100 A.3d 326, 328 n.3 (Pa. Cmwlth. 2014).

Initially, this Court has explained that

> [i]n Pennsylvania, the ability of an individual to operate a motor vehicle upon a public highway is a privilege and not a contract, property or constitutional right. This privilege is contingent upon terms and conditions imposed by the legislature.

*Hershey v. Dep't of Transp., Bureau of Driver Licensing*, 669 A.2d 517, 520 (Pa. Cmwlth. 1996) (internal citation omitted). Pennsylvania's Uniform Commercial Driver's License Act[3] provides, in pertinent part:

> [n]o person shall be issued a commercial driver's license unless the person is a resident of this Commonwealth and has passed a knowledge and skills test for driving a commercial motor vehicle which complies with minimum standards established by Federal regulation, all other requirements of the Commercial Motor Vehicle Safety Act of 1986 and other requirements imposed under Federal regulation which are published by the [D]epartment as a notice in the Pennsylvania Bulletin. . . .

75 Pa.C.S. § 1607(a)(2). These CDL testing requirements apply not only to applicants for commercial driver's licenses, but also to "every driver the Department has reason to believe cannot exercise ordinary and reasonable control in the operation of a commercial motor vehicle[.]" 67 Pa. Code § 75.22(a). The Department may authorize a third party to conduct CDL testing on its behalf,

---

[3] 75 Pa.C.S. §§ 1601-1622. We note that the purpose of the Uniform Commercial Driver's License Act is to reduce or prevent commercial motor vehicle accidents by, among other methods, strengthening licensing and testing standards for individuals seeking CDL licensing. 75 Pa.C.S. § 1602(a).

provided the test administered by the third party "is the same as that which would otherwise be administered by the [D]epartment." 75 Pa.C.S. § 1607(a)(3)(i).

Here, the Department's Driver Safety Division Manager Laura Krol, PSP Trooper and fraud investigator George Layaou, and Licensee all testified before the trial court. *See generally* Notes of Testimony, April 15, 2019 (N.T.). Their evidence collectively illustrated the following. At the time Licensee took the CDL skills test at LCCC in December 2016, LCCC was a Department-approved third-party testing facility. *See* N.T. at 6. However, an audit and subsequent investigation[4] revealed discrepancies in LCCC's skills testing that caused the Department to decertify LCCC as a testing site.[5] *See id.* Based on the investigation into the skills testing discrepancies at LCCC,[6] the Department identified 177 LCCC students who needed to retake the skills portion of the CDL testing to ensure that they could exercise ordinary and reasonable control in the operation of a commercial motor vehicle. *See id.* Licensee was among those 177 students. *See id.* at 7 & 30. The Department sent Licensee three separate letters in May, June, and December of 2018 informing him that he needed to retake the skills test and warning that his license would be downgraded if he failed to do so. *See id.* at 8-11, 49-50. Despite the notifications and the Department's willingness to accommodate Licensee's

---

[4] The Department's internal investigation of LCCC's CDL skills testing led to a criminal investigation by PSP, which was ongoing at the time of the trial court's hearing in this matter. *See* N.T. at 19-23.

[5] LCCC still maintains a CDL training program. *See* N.T. at 6.

[6] Briefly, internal performance audits conducted by the Department in August 2017 led to questions about the performance of an LCCC CDL skills tester, and subsequent investigations by the Department and PSP. *See* N.T. at 6-7, 20-23, 34-36. In short, authorities discovered improprieties and fraudulent testing practices on behalf of the tester in question, and criminal charges were filed. *See id.* at 34-36.

4

schedule,[7] Licensee failed to retake the skills test. *See id.* at 8-13. Accordingly, the Department downgraded Licensee's license from a commercial driver's license to a Class C non-commercial driver's license. *See id.* at 57. The Department explained that the decision to downgrade the commercial driver's licenses of individuals who failed to submit to retesting was a question of highway safety because, without retesting, the Department could not determine whether previously licensed drivers actually had the skills mandated by law to safely and reasonably operate a commercial motor vehicle. *See id.* at 4, 14, 16-18 & 23.

Based on this evidence, the trial court found that

> the Department [] had more than sufficient reason to believe [Licensee] could not exercise ordinary and reasonable control in the operation of a commercial vehicle following the decertification of the [CDL] program at [LCCC]. There is no way the Department could know if [Licensee] actually passed the skills test. As a result, the Department has the ability and obligation to require [Licensee] to submit to a skills test properly administered by an authorized tester.

Trial Court Order and Memorandum at 3 (pagination supplied).

We agree with the trial court. The Uniform Commercial Driver's License Act and attendant regulations require the Department to ensure the safety of the Commonwealth's highways, including limiting commercial driver's licensing to individuals who demonstrate adequate skill in the operation of a commercial motor vehicle pursuant to a standardized skills test. *See* 75 Pa.C.S. §§ 1602 & 1607; 67

---

[7] The Department provided vehicles for and attempted to accommodate the schedules of all licensees identified for retesting. *See* N.T. at 12-13. In fact, the Department opened a testing facility specifically for Licensee on a day it learned Licensee had off work, but Licensee still declined to retake the test. *Id.* at 13.

Pa. Code §§ 75.22-75.24. Here, the integrity of the skills test administered to Licensee at LCCC was in question. As a result, the Department could not be sure that Licensee could exercise ordinary and reasonable control in the operation of a commercial motor vehicle, as required by Pennsylvania law. *See* 67 Pa. Code § 75.22(a). Accordingly, the Department retained authority and was beholden to retest Licensee and the other 176 similarly situated licensees to comply with the Uniform Commercial Driver's License Act's mandate of reducing or preventing motor vehicle accidents, fatalities, and injuries through the implementation of and adherence to strong licensing and testing standards. *See* 75 Pa.C.S. § 1602(a); *see also Turk v. Dep't of Transp., Bureau of Driver Licensing*, 983 A.2d 805, 814–15 (Pa. Cmwlth. 2009) (Department retains authority under 75 Pa.C.S. § 1519 to require elderly licensee with alleged vision problems to pass a driving test in order for Department to determine licensee's competency to drive a motor vehicle); *Neimeister v. Dep't of Transp., Bureau of Driver Licensing*, 916 A.2d 712, 713 (Pa. Cmwlth. 2006) (same). We find no error of law or abuse of discretion in the trial court's denial of Licensee's appeal of the Department's downgrading of his commercial license to a non-commercial Class C license, and the denial is supported by substantial evidence of record.

Licensee's argument that the trial court erred in denying his appeal because the Department failed to prove that he engaged in any fraud in the testing process misses the mark. The Department is charged with administering a CDL skills test that complies with federal requirements. The testing is designed to ensure that drivers of commercial vehicles within the Commonwealth meet minimum safety standards. Without a reliable test that conforms to Department requirements, the Department cannot make this determination as required. Therefore where, as here,

6

the testing process itself is determined to be faulty, the regulations allow the Department to retest licensees to determine whether they can operate a commercial motor vehicle safely, independent of any fraud on a licensee's part. *See* 67 Pa. Code § 75.22(a).

Further, to the extent Licensee claims the trial court erred by not keeping the record open to allow him to enter into evidence a skills test conducted by a different entity, we do not agree. *See* Licensee's Brief at 12. Admission of evidence is within the sound discretion of the trial court. *Sitoski v. Dep't of Transp., Bureau of Driver Licensing*, 11 A.3d 12, 22 (Pa. Cmwlth. 2010). The issue before the trial court was whether the Department had the right to require retesting. Whether Licensee has taken or passed a skills test other than that mandated by the Department has no bearing on this question. The trial court did not err by declining to leave the record open to receive irrelevant information or evidence.

For the above reasons, we affirm the trial court's order.

_____
CHRISTINE FIZZANO CANNON, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jackie Martin James, Jr.,                    :
                    Appellant               :
                                            :
           v.                               :
                                            :
Commonwealth of Pennsylvania,                :
Department of Transportation,                :      No. 629 C.D. 2019
Bureau of Driver Licensing                   :

O R D E R

AND NOW, this 9th day of October, 2020, the April 26, 2019 order of the Court of Common Pleas of Luzerne County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge